## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| **AD INNOVATIONS, LLC,** | |
| Plaintiff, | C.A. No. 3:25−cv−00179 |
| v. | **JURY TRIAL DEMANDED** |
| **BMW OF NORTH AMERICA, LLC,** | **PATENT CASE** |
| Defendant. | |

### PLAINTIFF'S LETTER REGARDING PROPER VENUE

Pursuant to the Court's Order (Doc. 14), Plaintiff Ad Innovations, LLC provides this letter demonstrating that venue is proper in the Galveston Division of the Southern District of Texas and the case should not be transferred.

As explained below, venue is proper in this Division because the accused product, which is manufactured outside of the United States, is imported into the United States at the BMW Vehicle Distribution Center at the Port of Galveston. Under 35 U.S.C. 271(a), importing an infringing product into the United States is an act of infringement and therefore occurs in this Division. BMW also performs vehicle inspections, accessory installations, vehicle programming, and vehicle maintenance at its location and also distributes the accused product from its location within this Division. Furthermore, although no other alternative jurisdiction has been suggested in the case, as shown below, the private and public interest factors do not weigh in favor of transfer to another District or Division.

Despite communication between the parties, BMW has not alleged that the Galveston Division is either an improper venue or not convenient. If BMW or the Court asserts that another District is more convenient under 28 U.S.C. §1404(a), Ad Innovations requests the opportunity to

take discovery on the venue allegations and supplement its argument.

## I.    Background

This is a patent infringement case in which Ad Innovations asserts that BMW's 7 Series Sedan has features that infringe claim 40 of United States Patent No. 8,594,341.  (Doc. 1 at ¶13, *et. seq.*).  Ad Innovations will be amending the Complaint to also assert claims 1 and 15 of the '341 patent.

BMW manufactures the accused 7 Series Sedan outside of the United States and imports the vehicle into the United States.  (https://www.press.bmwgroup.com/global/article/detail/ T0380173EN/the-new-bmw-7-series?language=en;    https://simple.wikipedia.org/wiki/BMW_7_ Series).

BMW's Vehicle Distribution Center at the Port of Galveston serves its dealers in Texas, Oklahoma, Louisiana, and Arkansas by serving as the location to import and distribute BMW vehicles.    (https://www.press.bmwgroup.com/usa/article/detail/T0259360EN_US/bmw-group-opens-new-vehicle-distribution-center-in-galveston-tx?language=en_US).    BMW's   Vehicle Distribution Center is located at 1028 Harborside Drive, Galveston, Texas.  (Doc. 1 at ¶2).  BMW, through its Vehicle Distribution Center at the Port of Galveston, imports tens of thousands of vehicles    per    year,    including    the    accused    BMW    7    Series    Sedan. (https://www.press.bmwgroup.com/usa/article/detail/T0259360EN_US/bmw-group-opens-new-vehicle-distribution-center-in-galveston-tx?language=en_US).    BMW  also  performs  vehicle inspection, accessory installation, vehicle programming, and vehicle maintenance and storage at the Vehicle Distribution Center before distributing vehicles to its dealers.  (*Id.*).

## II.    Statement of Law

Under 35 U.S.C. §271(a), a patent is infringed if someone "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United

States any patented invention during the term of the patent." Apparatus and system claims are infringed even if software components are inactive or not enabled in the accused instrumentality. *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204-1205 (2010)

Under 28 U.S.C. § 1400(b), an action for patent infringement must be brought either "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 265 (2017) ("patent venue statute alone should control venue in patent infringement proceedings") (internal quotations removed).

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law. *Id.*

Although the plaintiff's choice of forum is not a factor in the convenience analysis, it contributes to the defendant's burden of showing that the transferee venue is clearly more convenient. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*Volkswagen*

*II''*).  The plaintiff's choice of venue should rarely be disturbed unless the balance of convenience factors is strongly in favor of the defendant. *Volkswagen II*, 545 F.3d at 315; *Gulf Oil v. Gilbert*, 330 U.S. at 507 (1947); *see also In re Affymetrix, Inc.*, Misc. No. 913, 2010 WL 1525010, at *2 (Fed. Cir. April 13, 2010) (*citing In re Nat'l Presto Indus.*, Inc., 347 F.3d 662, 663-64 (7th Cir. 2003) ("[F]or transfer of venue to be appropriate, [defendant] must make a clear and indisputable showing that on balance, the convenience and interest of justice considerations strongly favor transfer.").

## III.    Argument

The Galveston Division of the U.S. District Court for the Southern District of Texas is a proper and convenient venue for this case because BWM infringes the patent-in-suit by importing the accused product into the United States at its Vehicle Distribution Center at the Port of Galveston.  BWM has not argued that this District is improper, nor has BMW argued that any other District is more convenient.  As shown below, the private interest factors and the public interest factors do not weigh in favor of transfer to another District.

### A.    Venue is Proper in this District

Venue is proper in this District under 28 U.S.C. § 1400(b) because BMW committed acts of infringement in this District and has a regular and established place of business in this District. BMW is believed to import the accused 7 Series Vehicles through its Vehicle Distribution Center at the Port of Galveston, which are acts of infringement.  35 U.S.C. §271(a) (infringement occurs when someone "without authority… imports into the United States any patented invention during the term of the patent.").  Furthermore, BMW has a regular and established place of business in this District at its Vehicle Distribution Center at the Port of Galveston, where it imports tens of thousands of vehicles per year, including the accused BMW 7 Series Sedan, and performs vehicle inspection, accessory installation, vehicle programming, and vehicle maintenance and storage

before distributing vehicles to its dealers.  (https://www.press.bmwgroup.com/usa/article/detail/
T0259360EN_US/bmw-group-opens-new-vehicle-distribution-center-in-galveston-
tx?language=en_US).

### B.     Convenience Analysis

The private interest factors and the public interest factors do not weigh in favor of transfer
to another District.

### 1.     The Relative Ease of Access to Sources of Proof Weighs Against Transfer

The Court must consider the physical location and volume of documents possessed by each
party in relation to the transferee and transferor venues. *See Volkswagen II*, 545 F.3d at 314-15*; In
re Nintendo Co. Ltd.*, 589 F.3d 1194, 1199 (Fed.Cir. 2009).  Courts analyze this factor in light of
the distance that documents, or other evidence, must be transported from their existing location to
the trial venue. *See Volkswagen II*, 545 F.3d at 316.  This factor will turn upon which party will
most probably have the greater volume of documents relevant to the litigation and their presumed
location in relation to the transferee and transferor venues. *See, e.g., Volkswagen II*, 545 F.3d at
314-15; *In re Nintendo*, 589 F.3d at 1199; *In re Genentech*, 566 F.3d at 1345.  Because this factor
requires a comparison between alternative District, in the event that an alternative District is
proposed, Ad Innovation requests the opportunity to take discovery on the new District and
supplement its response.

The factor of the relative ease of access to sources of proof weighs against transfer because
relevant information is available at BMW's Vehicle Distribution Center at the Port of Galveston
or is outside of the United States and therefore not any more convenient in another District.  The
accused vehicles are manufactured outside of the United States and imported into the United States
at     BMW's     Vehicle     Distribution     Center     at     the     Port     of     Galveston.

(https://www.press.bmwgroup.com/global/article/detail/T0380173EN/the-new-bmw-7-series?language=en; https://simple.wikipedia.org/wiki/BMW_7_Series; (7 Series Sedan is assembled in Germany, Thailand, Malaysia, Indonesia)).    Information on the accused vehicle imported into the United States is reasonably believed to be accessible at BMW's Port of Galveston location where the vehicles are imported.  Information on the manufacturing and design of the accused instrumentalities are believed to be available at the manufacturing facilities of the accused instrumentalities located in Germany, Thailand, Malaysia, and Indonesia. (https://simple.wikipedia.org/wiki/BMW_7_Series).    Due to the foreign location of the information, no other District in the United States would have more ease of access to sources of proof.

**2.      The Availability of Compulsory Process to Secure the Attendance of Witnesses Does Not Weigh in Favor of Transfer**

This factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the transferee venue. *See Volkswagen II*, 545 F.3d at 316.  This factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *Volkswagen II*, 545 F.3d at 316.  "Absolute subpoena power" is subpoena power for both depositions and trial.  *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed.Cir. 2009).  At this time, no other transferee District has been identified nor has BMW identified any unwilling witnesses in any other District.

**3.      The Cost of Attendance for Willing Witnesses is Neutral**

For willing witnesses, "[b]ecause it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in *Volkswagen I* a '100-mile' rule, which requires that '[w]hen the distance between an existing venue for trial of a matter and proposed venue under § 1404(a) is more than 100 miles, the factor

of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (internal citations omitted).  BMW has not identified any willing witnesses, so this factor is neutral.

### 4.    Other Practical Problems Are Neutral

The goal of §1404(a) is to "prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  BMW did not identify any evidence relevant to this factor and Ad Innovations is not aware of any other practical problems at this time.  This factor is therefore neutral.

All the private interest factors are therefore either neutral or weigh against transfer to another District.

### 5.    Public Interest Factors

#### a)    Administrative Difficulties Flowing from Court Congestion Weighs Against Transfer

This public interest factor analyzes "whether there is an appreciable difference in docket congestion between the two forums." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963).  The Federal Circuit has held that the court congestion factor "appears to be the most speculative" and this factor alone cannot outweigh all other factors.  *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed.Cir. 2009).  No other forum has been suggested and therefore a comparison between District statistics cannot be performed.

#### b)    Local Interest Weighs Against Transfer Because BMW Infringes in this District by Importing Vehicles in this District and Using its Facility in this District to Distribute Vehicles to Texas

This District has a local interest in this patent infringement case because BMW infringes in this District.  BMW's Vehicle Distribution Center at the Port of Galveston serves its dealers in

Texas, Oklahoma, Louisiana, and Arkansas by serving as the location to import and distribute its vehicles, including the accused instrumentality. (https://www.press.bmwgroup.com/usa/article/detail/T0259360EN_US/bmw-group-opens-new-vehicle-distribution-center-in-galveston-tx?language=en_US). BMW also performs vehicle inspection, accessory installation, vehicle programming, and vehicle maintenance and storage at the Vehicle Distribution Center before distributing vehicles to its dealers. (*Id.*). The substantial local interest in this case, because of the infringement in this District and BWM's business in this District, therefore weighs against transfer to another District.

### c)     Familiarity for the Forum with the Governing Law is Neutral

The Court's familiarity with the law governing patent cases is neutral.

### d)     Avoidance of Unnecessary Problems of Conflicts of Law or in the Application of Foreign Law Weighs Against Transfer

There are no issues regarding conflicts of law and therefore this factor is neutral.

Like the private interest factors, all public interest factors are either neutral or weigh against transfer out of this District.

For the foregoing reasons, the Court should not transfer this case to another District.

July 18, 2025                                Respectfully Submitted,

                                            */s/David R. Bennett*
                                            Joseph J. Zito
Of Counsel:                                 DNL ZITO
David R. Bennett (IL Bar No.: 6244214)      1250 Connecticut Ave., NW #700
(admitted *pro hac vice*)                   Washington, DC 20036
DIRECTION IP LAW                            202-466-3500
P.O. Box 14184                              jzito@dnlzito.com
Chicago, Illinois 60614-0184
Telephone: (312) 291-1667                   Benjamin C. Deming
dbennett@directionip.com                    DNL ZITO
                                            3232 McKinney Ave
                                            Suite 500
                                            Dallas, Texas 75204

bdeming@dnlzito.com

*Attorneys for Ad Innovations, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 18, 2025, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

*/s/ David R. Bennett*
David R. Bennett
